United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EXHIBIT NETWORK INTERNATIONAL, LTD., § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:19-CV-4221 |
| § | |
| UNION INSURANCE COMPANY, § | |
| *Defendant*. § | |

## MEMORANDUM AND RECOMMENDATION

This insurance coverage dispute arising from damages allegedly caused by Hurricane Harvey is before the Court on Defendant Union Insurance Company's Motion to Dismiss Plaintiff's Second Amended Complaint.[1] ECF 21. Having considered the parties' submissions and the law, the Court recommends that the motion be granted in part and denied in part.

### I.  Background

Plaintiff initiated this case by filing an Original Petition in Texas state court on September 27, 2019. Union removed the case to this federal court on the basis of diversity jurisdiction. ECF 1. After Union filed a Motion to Dismiss the Original Petition, Plaintiff filed its First Amended Complaint, and Union then filed a Motion to Dismiss the First Amended Complaint. The District Court granted the motion to dismiss the First Amended Complaint pursuant to Federal Rules of Civil Procedures 12(b)(6) and 9(b) and granted Plaintiff leave to file an amended complaint. ECF 19. Plaintiff timely filed a Second Amended Complaint. ECF 20. Defendant Union again moves to dismiss Plaintiff's claims for failure to meet federal pleading standards. ECF 21.

---

[1] The District Court referred this case to the Magistrate Judge for pretrial management. ECF 22.

## II.  Analysis

### A.  Rule 12(b)(6) and Federal Pleading Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* FED. R. CIV. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, neither party has submitted for the Court's review a copy of the insurance policy at issue or any other document outside of the Second Amended Complaint.

In addition, many district courts within the Fifth Circuit have held that claims alleging misrepresentations or fraud in violation of the Texas Insurance Code or the Deceptive Trade Practices Act must meet the pleading requirements of Federal Rule of Civil Procedure 9(b). *See, e,g., Howley v. Bankers Standard Ins. Co.,* No. 3:19-CV-2477-L, 2020 WL 4731968, at *4 (N.D.

2

Tex. Aug. 14, 2020) ("Claims under the DTPA are subject to the heightened pleading requirements of Rule 9(b)."); *Aviles v. Allstate Fire & Cas., Ins. Co.*, No. 5:19-CV-00023, 2019 WL 3253077, at *2 (S.D. Tex. July 9, 2019), report and recommendation adopted, No. 5:19-CV-23, 2019 WL 3412433 (S.D. Tex. July 29, 2019). In contrast, alleged violations of the Insurance Code for failure to investigate a claim need only meet the notice pleading requirements of Rule 8(a). *Aviles*, 2019 WL 3253077, at *2.

### B. *Menchaca* and Extra-Contractual Claims

The Texas Supreme Court clarified the rules for recovery on extra-contractual claims by an insured in *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018). The *Menchaca* Court distilled from its prior decisions "five distinct but interrelated rules that govern the relationship between contractual and extra-contractual claims in the insurance context." *Id.* at 489.

> First, as a general rule, an insured cannot recover policy benefits as damages for an insurer's statutory violation if the policy does not provide the insured a right to receive those benefits. Second, an insured who establishes a right to receive benefits under the insurance policy can recover those benefits as actual damages under the Insurance Code if the insurer's statutory violation causes the loss of the benefits. Third, even if the insured cannot establish a present contractual right to policy benefits, the insured can recover benefits as actual damages under the Insurance Code if the insurer's statutory violation caused the insured to lose that contractual right. Fourth, if an insurer's statutory violation causes an injury independent of the loss of policy benefits, the insured may recover damages for that injury even if the policy does not grant the insured a right to benefits. And fifth, an insured cannot recover *any* damages based on an insurer's statutory violation if the insured had no right to receive benefits under the policy and sustained no injury independent of a right to benefits.

*Id.* (emphasis in original). The Fifth Circuit addressed two of the rules set forth in *Menchaca*—the "entitled-to-benefits rule" (rule 2) and the "independent injury rule" (rule 4) in *Lyda Swinerton Builders, Inc. v. Oklahoma Sur. Co.*, 903 F.3d 435, 451–52 (5th Cir. 2018). In short, the Fifth Circuit explained that an insured who is entitled to benefits under a policy can recover lost benefits

3

as actual damages under the Insurance Code even absent a separate, independent injury, if the loss of benefits was caused by the violation of the Insurance Code. *Id.* These principals of Texas insurance law guide the Court's application of federal pleading standards to the claims asserted in this case.

### C. Plaintiff's Pleading

Plaintiff alleges in the Second Amended Complaint (ECF 20) that it purchased an insurance policy from Union to insure property at 3434 Lang Road, Houston, Texas. As the purchaser of an insurance policy, Plaintiff is a consumer for purposes of the DTPA. Plaintiff alleges that on August 25, 2017 wind and rain from Hurricane Harvey damaged the insured property's roof, flashings, and interior. The significant amount of damage incurred required full replacement of the damaged property. Plaintiff made a claim for the damage under the policy.

On or about January 10, 2019, Union sent a retained engineer to inspect the property. Plaintiff alleges that although the storm caused significant damage to the EPDM single-ply membrane roof along the perimeter and caused multiple rips to the roofing membrane and the flashings, Union's engineer failed to document this storm damage. Plaintiff contends that instead performing a reasonable inspection of the property, Union intentionally failed to inspect and document the storm damage to the property in order to wrongfully deny payment for damages covered by the policy. Union is alleged to have avoided payment of covered losses by misrepresenting that the damage resulted from wear and tear and not Hurricane Harvey. Union repeated this misrepresentation in a February 12, 2019 letter representing that the damage was not covered because it was the result of wear and tear and long-term deterioration. At the time of the inspection, Union knew that the damage was covered under the policy and it was obligated to pay Plaintiff.

Plaintiff alleges Union breached its obligations under the policy to perform a proper inspection of the property, determine the cause and extent of the damage, and pay the full amount of Plaintiff's loss as required by the "Loss Payment" provision of the policy. The loss payment provision states:

> 4. Loss Payment
> a. In the event of loss or damage covered by this Coverage Form, at our option, we will either:
> (1) Pay the value of lost or damaged property;
> (2) Pay the cost of repairing or replacing the lost or damaged property, subject to b. below;
> (3) Take all or any part of the property at an agreed or appraised value; or
> (4) Repair, rebuild or replace the property with other property of like kind and quality, subject to b. below.

Plaintiff alleges that all conditions precedent to recovery under the policy for damages to its property have been satisfied, and that because of Union's violation of the Loss Payment provision, Plaintiff has not been able to properly repair the property and has been injured. Plaintiff also has been forced to retain legal services and incur costs and attorney's fees to pursue its claim.

Based on the above factual allegations, Plaintiff asserts causes of action against Union for (1) breach of contract; (2) violations of the Texas Insurance Code; (3) violations of the Texas Deceptive Trade Practices Act (DTPA); and (4) breach of the duty of good faith and fair dealing.

### 1. Plaintiff has alleged facts sufficient to state a claim for breach of contract.

"The elements of a breach of contract claim are (1) the existence of a valid contract, (2) performance or tendered performance by the plaintiff, (3) breach of the contract by the defendant, and (4) resulting damages to the plaintiff." *Fieldtech Avionics & Instruments, Inc. v. Component Control.Com, Inc.*, 262 S.W.3d 813, 825 (Tex.App.-Fort Worth 2008, no pet.) (citing *Harris v. Am. Prot. Ins. Co.,* 158 S.W.3d 614, 622–23 (Tex.App.-Fort Worth 2005, no pet.)).

5

Union argues in the Motion to Dismiss Plaintiff's Second Amended Complaint that Plaintiff's allegations are conclusory and do not show it suffered a covered loss. Union's reliance on *Guzman v. State Farm Lloyds*, 456 F. Supp. 3d 846, 856 (S.D. Tex. 2020) for this argument is misplaced. The *Guzman* court's ruling that "[t]here are two problems with Guzman's breach of contract claim as it relates to roof damage: (i) Guzman has not shown that any covered loss exceeded his insurance deductible and (ii) he has not segregated wind damage from wear and tear damage" was made in the context of a motion for *summary judgment*. The Court dismissed Guzman's case due to a deficiency in proof, not pleading. In this case, Plaintiff's Second Amended Complaint does more than merely recite the elements of a breach of contract claim. Plaintiff alleges that the policy was in effect at the time of the loss (ECF 20 ¶ 4); that the property suffered storm damage from Hurricane Harvey (ECF 20 ¶ 8); that the winds from Hurricane Harvey caused significant damage to the roof membrane perimeter and caused multiple rips to the roofing membrane, long with damage to the flashings on the roof (ECF 20 ¶ 9); and that the hurricane caused openings in the flashings, membrane and roof jacks that allowed water intrusion into the interior of the property (ECF 20 ¶ 10). The Court finds that Plaintiff's Second Amended Complaint contains sufficient factual allegations of a covered loss to survive a 12(b)(6) motion. Furthermore, the Second Amended Complaint identifies the contract provision allegedly breached. ECF 20 ¶ 20. The Court finds the Second Amended Petition states a plausible claim for breach of contract. Therefore, the Court recommends that Union's motion to dismiss the breach of contract claim be denied.

### 2. Plaintiff has alleged facts sufficient to state a plausible claim for violation of section 541.060(a)(7) of the Texas Insurance Code.

Plaintiff asserts that the facts alleged in the Second Amended Complaint support claims for violations of §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(7), 542.003(b)(1), and

6

541.151(2) of the Texas Insurance Code. Union's motion to dismiss the claims under §§ 541.060(a)(1), 541.060(a)(2(A), 542.003(b)(1), and 541.151(2) should be granted as discussed below.

Section 541.060(a)(1) prohibits an insurer from "misrepresenting to a claimant a material fact or policy provision relating to coverage at issue." However, to be actionable under section 541.060(a)(1), "[t]he misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014). Plaintiff alleges only that the inspector misrepresented that the damage to Plaintiff's property is not storm damage, and therefore, not covered by the Policy. ECF 20 ¶¶ 27-28. These allegations fail to state a claim under § 541.060(a)(1), which requires a misrepresentation regarding a policy provision or the coverage at issue. *See One Way Investments, Inc. v. Century Sur. Co.*, No. 3:14-CV-2839-D, 2014 WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014) ("One Way is alleging that [the adjuster] misrepresented that the damage to the property was not covered under the Policy by representing that the wind and hail damage to the building was far less extensive than it actually was and that it was caused by factors that did not trigger coverage under the Policy. But those statements are of a type that this court has held are not within the scope of § 541.060(a)(1) because they do not relate to the 'coverage at issue.'"). Therefore, Plaintiff's claim based on § 541.060(a)(1) of the Texas Insurance Code should be dismissed.

Section 542.003(b)(1) provides that it is an unfair claim settlement practice for an insurer to "fail[] to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies." However, only the Department of Insurance can bring a claim to enforce § 542.003(b)(1) and Plaintiff has no private right of action to sue for this violation. *Terry v. Safeco Ins. Co. of Am.*, 930 F. Supp. 2d 702, 714 (S.D. Tex. 2013) ("The Unfair Settlement

Practices Act refers to enforcement by the Texas Department of Insurance and the State Attorney General. In contrast, the Prompt Payment Act, TEX. INS. CODE § 542.060, which follows the Unfair Settlement Practices Act in the Texas Insurance Code, explicitly provides for a private right of action."); *Lester v. Unitrin Safeguard Ins. Co.*, No. 4:20-CV-404-A, 2020 WL 4583839, at *4 (N.D. Tex. Aug. 10, 2020) ("Federal district courts and Texas appellate courts have routinely held that [§ 542.003(b)(1)] does not provide a private right of action . . .").

Section 541.151 of the Texas Insurance Code creates a private right of action for damages caused by a violation of TEXAS INSURANCE CODE § 541.051 et seq. and TEX. BUS. & COM. CODE § 17.46(b) (DTPA). Section 541.151(2) allows a person injured by an unlawful or deceptive act enumerated in § 17.46 of the DTPA, but only "if the person bringing the action shows that the person relied on the act or practice to the person's detriment." TEX. INS. CODE § 541.151(2). Plaintiff has failed to allege it relied to its detriment on any alleged act or practice by Union that violates § 17.46(b)/the DTPA. In summary, Union's motion to dismiss Plaintiff's claims for violation of Texas Insurance Code §§ 541.060(a)(1), 542.003(b)(1), and 541.151(2) should be granted.

Union's motion to dismiss Plaintiff's claims for violation of Texas Insurance Code §§ 541.060(a)(2)(A) and 541.060(a)(7) requires the Court to consider *Menchaca's* entitled-to-benefits and independent injury rules. Section 541.060(a)(2)(A) prohibits an insurer from "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of an insured's claim once "the insurer's liability has become reasonably clear." Plaintiff alleges that at the time of the January 10, 2019 inspection it should have been reasonably clear to Union that it was liable on Plaintiff's claim." ECF 20 ¶ 45 ("Based on the significant damage caused to the property by Hurricane Harvey, at the time of the inspection, Defendant knew that the damage was covered

8

under the Policy and Plaintiff was entitled to payment under the Loss Payment provision."). However, the only injury Plaintiff suffered from the alleged violation of 541.060(a)(2)(A), is the denial of benefits under the policy. In order to recover the loss of benefits as actual damages for the alleged statutory violation, Plaintiff must plausibly allege that Union's "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement"—the alleged statutory violation—caused its injury. *Lyda Swinerton Builders, Inc.*, 903 F.3d at 452 (citing *Menchaca*, 545 S.W.3d at 499-500). Plaintiff has not and cannot allege damages due to delay of settlement or payment because its damages result from Unions' alleged failure to investigate the claim properly and deem the damage a covered loss. Plaintiff's damages are not due to any delay in payment or settlement, and therefore, Plaintiff's claim for violation of § 541.060(a)(2)(A) should be dismissed.

On the other hand, Section 541.060(a)(7) prohibits an insurer from "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Plaintiff alleges that on January 20, 2019, Union sent a retained engineer to its property to conduct an alleged sham inspection of the property. According to Plaintiff, the engineer willfully failed to document obvious storm damage. These allegations state a claim for loss of policy benefits caused by Union's failure to conduct a reasonable investigation in violation of § 541.060(a)(7). Under *Menchaca*, Plaintiff can recover policy benefits as actual damages for Union's statutory violation. Therefore, the Court recommends that Union's motion to dismiss Plaintiff's claim for violation of § 541.060(a)(7) be denied.

### 3. DTPA

To state a claim under the DTPA Plaintiff must allege sufficient facts to show "(1) [he] is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of [his] damages." *Howley v. Bankers Standard Ins. Co.*, No. 3:19-

CV-2477-L, 2020 WL 4731968, at *4 (N.D. Tex. Aug. 14, 2020) (quoting *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 768 (5th Cir. 2016). Claims under the DTPA are subject to the heightened pleading requirements of Rule 9(b). *Id.* (citing *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 339 (5th Cir. 2008)).

Plaintiff alleges it is a consumer. ECF 20 ¶ 7. In addition, Plaintiff makes the conclusory allegation that Defendant engaged in the following false, misleading, or deceptive acts:

> A. Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));
>
> B. Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));
>
> C. Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or
>
> D. Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster and retained engineer, to obtain a favorable, results-oriented report, and to assist Defendant in severely underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)[2]).

ECF 20 at 6-7. The only facts alleged in the Second Amended Complaint to support these alleged statutory violations relate to Union's failure to conduct a reasonable investigation in violation of § 541.060(7) of the Texas Insurance Code. The DTPA, in § 17.50 titled "Relief for Consumers," incorporates a remedy for the violation of § 541.060(7) of the insurance code. TEX. BUS. & COM. CODE § 17.50 (a)(4). Because the facts alleged in the Second Amended Complaint support a plausible right to relief only for "failure to properly investigate" Plaintiff's insurance claim, the

---

[2] Section 17.46(b)(31) relates to the production, sale, distribution, or promotion of synthetic substances and has nothing to do with insurance.

Court recommends Union's motion to dismiss Plaintiff's DTPA claim be granted, except to the extent the DTPA claim is based on violation of § 541.060(7) of the Texas Insurance Code.

### 4. Common law duty of good faith.

The Texas Supreme Court held in *Universe Life Insurance Company v. Giles,* 950 S.W.2d 48, 56 (Tex.1997) that "an insurer breaches its duty of good faith and fair dealing by denying a claim when the insurer's liability has become reasonably clear." A Plaintiff must show more than a bona fide coverage dispute, but "an insurer cannot insulate itself from bad faith liability by investigating a claim in a manner calculated to construct a pretextual basis for denial." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44 (Tex. 1998). Plaintiff has alleged that Union intentionally performed an unreasonable investigation for the purpose of avoiding liability for Plaintiff's claims. ECF 20 ¶ 45 ("Based on the significant damage caused to the property by Hurricane Harvey, at the time of the inspection, Defendant knew that the damage was covered under the Policy and Plaintiff was entitled to payment under the Loss Payment provision."). Union's motion to dismiss Plaintiff's common law bad faith claim should be denied to the extent the claim is premised on the allegation of an unreasonable investigation.

### III. Conclusion and Recommendation

For the reasons discussed above, the Court RECOMMENDS that Union's Motion to Dismiss (ECF 21) be DENIED as to Plaintiff's claims for breach of contract, violation of 541.060(a)(7) of the Texas Insurance Code, violation of the DTPA based only on the surviving Insurance Code violation, and breach of the duty of good faith and fair dealing based only on the failure to conduct a reasonable inspection. The Court RECOMMENDS the Motion to Dismiss be GRANTED in all other respects.

The Clerk of the Court shall send copies of the memorandum and recommendation to the

respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on November 02, 2020, at Houston, Texas.

                                                Christina A. Bryan
                                          United States Magistrate Judge